```
*********************
    FAX TX REPORT
*********************

     TRANSMISSION OK

JOB NO.                4077
DESTINATION ADDRESS    7863476042
SUBADDRESS
DESTINATION ID
ST. TIME               01/18 10:59
TX/RX TIME             00'38
PGS.                   1
RESULT                 OK
```

## OFFICE OF THE CHAPTER 13 STANDING TRUSTEE
SOUTHERN DISTRICT OF FLORIDA

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806
TELEPHONE: (954) 443-4402
FACSIMILE: (954) 443-4452

January 18, 2022

TO: MATTHEW E. MAZUR, JR, ESQ.

RE: MICHAEL RUSSEL DAY
    JANICE CAMILLE DIANA HARRIS DAY

Case: 17-12030-BKC-LMI

Dear MATTHEW E. MAZUR, JR, ESQ.

The Debtor(s) have completed his/her/their bankruptcy. The Trustee's audit for completion of this case determined that the plan provided for the curing of defaults on a claim secured by a security interest on real property.

According to the Bankruptcy Court's "Rights and Responsibility Agreement" (LF-90), the debtor's attorney is required to timely prepare, file, and serve a motion to determine final cure of mortgage payments. Under Local Rule 3070-1(E) and Fed. R. Bankr. P. 3002.1(f), instead of a motion, a debtor may file a Notice of Final Cure stating that the debtor has paid the amount required to cure the default. The debtor's statement must include a notice to the holder of the claim requiring the holder of the claim to file a statement within 21 days pursuant to Fed. R. Bankr. P. 3002.1(g). This notice must be served upon the holder of the claim and the Trustee.

If the holder of the claim files a statement agreeing that the debtor is current or fails to file a response within 21 days of the notice, the debtor must upload the local form order "Order Determining Debtor has Cured Default and Paid All Required Postpetition Amounts" (LF-81). If the holder of the claim files statement of additional amounts due, the debtor must file a motion within 21 days.

The Debtor is directed to either file a motion or statement wihtin 20 days of this notice and obtain an order determining that the debtor has cured the mortgage or the Trustee may file a motion for an Order to Show Cause

## OFFICE OF THE CHAPTER 13 STANDING TRUSTEE
SOUTHERN DISTRICT OF FLORIDA

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806
TELEPHONE: (954) 443-4402
FACSIMILE:  (954) 443-4452

January 18, 2022

TO: MATTHEW E. MAZUR, JR, ESQ.

RE: MICHAEL RUSSEL DAY
     JANICE CAMILLE DIANA HARRIS DAY


Case: 17-12030-BKC-LMI


Dear MATTHEW E. MAZUR, JR, ESQ.


The Debtor(s) have completed his/her/their bankruptcy.  The Trustee's audit for completion of this case determined that the plan provided for the curing of defaults on a claim secured by a security interest on real property.

According to the Bankruptcy Court's "Rights and Responsibility Agreement" (LF-90), the debtor's attorney is required to timely prepare, file, and serve a motion to determine final cure of mortgage payments.  Under Local Rule 3070-1(E) and Fed. R. Bankr. P. 3002.1(f), instead of a motion, a debtor may file a Notice of Final Cure stating that the debtor has paid the amount required to cure the default.  The debtor's statement must include a notice to the holder of the claim requiring the holder of the claim to file a statement within 21 days pursuant to Fed. R. Bankr. P. 3002.1(g).  This notice must be served upon the holder of the claim and the Trustee.

If the holder of the claim files a statement agreeing that the debtor is current or fails to file a response within 21 days of the notice, the debtor must upload the local form order "Order Determining Debtor has Cured Default and Paid All Required Postpetition Amounts" (LF-81).  If the holder of the claim files statement of additional amounts due, the debtor must file a motion within 21 days.

The Debtor is directed to either file a motion or statement wihtin 20 days of this notice and obtain an order determining that the debtor has cured the mortgage or the Trustee may file a motion for an Order to Show Cause for you to explain to the court why you have not performed all duties required by the LF-90.

Sincerely,

## OFFICE OF THE CHAPTER 13 STANDING TRUSTEE
SOUTHERN DISTRICT OF FLORIDA

Closing Auditor